IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

STANLEY JOSHUA MCNEIL                                               PLAINTIFF

VS.                                            CIVIL ACTION NO. 5:08cv254-DCB-MTP

E. PERKINS and T. LINDSEY                                      DEFENDANTS

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on October 1, 2009. The Plaintiff appeared *pro se*, and the Defendants were represented by attorney James McDaniel. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

**1. JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Marshall County Correctional Facility in Holly Springs, Mississippi, having been convicted of a felony. Plaintiff's claims were clarified by his sworn testimony during the *Spears* hearing.[2]

Plaintiff's claims arise out of a Rule Violation Report (RVR) and related disciplinary

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Hurns v. Parker*, 165 F.2d 24, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

1

proceedings conducted while he was previously incarcerated at Wilkinson County Correctional Facility ("WCCF"). Specifically, Plaintiff alleges that on or about February 16, 2008, a shakedown was conducted by WCCF staff, during which a radio speaker was found on the bottom bunk of his cell. Plaintiff claims that he occupied the top bunk the whole time he was at WCCF, and that this was not his radio speaker.

Plaintiff was given an RVR by Defendant Perkins for unauthorized possession of the radio speaker. A disciplinary hearing was then conducted by Defendant Lindsey, and Plaintiff was found guilty of the offense. As a result of the guilty finding, Plaintiff was fined $162 and "received an additional 6 points added to the point system through classification." Plaintiff alleges that Defendant Perkins filed a false report against him, and that Defendant Lindsey's finding of guilty was not based on a preponderance of the evidence presented at the disciplinary hearing.

## 2. DISCOVERY ISSUES

Defendants shall produce to Plaintiff the following information and documents within thirty (30) days: any Administrative Remedy Program (ARP) documents relating to the allegations in this action; any RVRs, along with any statements or documents submitted by Plaintiff, relating to the allegations in this action; any document showing what bunk Plaintiff was assigned to at the relevant time (if any such document exists); and the date the $162 began to be deducted from Plaintiff's inmate account, as well as the date when the $162 was paid off.

There are no other discovery matters pending at this time, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Fed. R. Civ. P. 26(b)(1). The parties shall not propound

additional discovery requests unless leave of Court is requested and obtained.

### 3. MOTIONS AND TRIAL

The deadline for the filing of motions (other than motions *in limine*) is November 15, 2009. Upon expiration of the motions deadline and a ruling on any such motions, the court will set the matter for trial as appropriate.

IT IS, THEREFORE ORDERED:

1. Defendants shall produce to Plaintiff the following documents within thirty (30) days: any ARP documents relating to the allegations in this action; any RVRs, along with any statements or documents submitted by Plaintiff, relating to the allegations in this action; any document showing what bunk Plaintiff was assigned to at the relevant time (if any such document exists); and the date the $162 began to be deducted from Plaintiff's inmate account, as well as the date when the $162 was paid off.

2. The deadline for the filing of motions (other than motions *in limine*) is November 15, 2009.

3. This order may be amended only by a showing of good cause.

4. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to the plaintiff.

SO ORDERED on this the 5th day of October, 2009.

s/ Michael T. Parker
United States Magistrate Judge
