# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**STANLEY JOSHUA MCNEIL, # K2534**                                                    **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 5:08cv254-DCB-MTP**

**E. PERKINS and T. LINDSEY**                                                    **DEFENDANTS**

## ORDER DENYING MOTION TO COMPEL

THIS MATTER is before the court on a Motion to Compel [41] filed by Plaintiff. Plaintiff claims that the documents produced by Defendant pursuant to this court's October 5, 2009 Omnibus Order [33] are inadequate and requests that the court order Defendants to produce certain additional documents.[1] Defendants have not responded to the motion.

Following the omnibus hearing, the court ordered Defendants to produce to Plaintiff the following documents and information within thirty days: any Administrative Remedy Program (ARP) documents relating to the allegations in this action; any RVRs, along with any statements or documents submitted by Plaintiff, relating to the allegations in this action; any document showing what bunk Plaintiff was assigned to at the relevant time (if any such document exists); and the date the $162 began to be deducted from Plaintiff's inmate account, as well as the date when the $162 was paid off. *See* Omnibus Order [33]. The court ordered that "no other

---

[1] Specifically, Plaintiff seeks: "All documents copied of count rosters of P.Q.R: Romeo only (1st watch, 2nd watch, and 3rd watch) from March 30, 2007 to April 23, 2008 including but not limited to copies of all out count slips and electronic record of P.Q.R: Romeo only (1st watch, 2nd watch, and 3rd watch) for offender out count, from May 16, 2007 to Feb. 30, 2008 pertaining to or involving offender Joe Byrd who attended ABE or school and Plaintiff Stanley McNeil who was a hall orderly." *See* Motion [41] at 2. These documents were requested by Plaintiff in his First Request for Production of Documents, which he served on Defendants' counsel on June 12, 2009. *See* [27] [29] [41-2]. After Defendants objected to Plaintiff's request, Plaintiff filed a Motion to Compel [29],which the court denied as premature by Order [30] dated August 21, 2009.

discovery is deemed reasonable or appropriate considering the issues at stake in this litigation." *See id.* Pursuant to the Order, on November 4, 2009 Defendants served the following documents on Plaintiff: Plaintiff's ARP documents related to this incident; Plaintiff's RVR records regarding this incident, as well as additional RVR records while at WCCF; a report showing Plaintiff's housing assignment during the relevant time period; and Plaintiff's inmate account statements for the relevant time period. *See* [37].

Plaintiff does not dispute that Defendants produced these documents to him, but argues that the report showing Plaintiff's housing assignment during the relevant time period does not show what bunk he resided in at the relevant time, which is why he is seeking the documents listed in his motion. However, the report clearly indicates that on the relevant date (February 16, 2008), Plaintiff was assigned to what appears to be the lower bunk.[2] *See* [41-2]. Moreover, as noted above, discovery is now closed. Accordingly,

IT IS ORDERED that Plaintiff's Motion to Compel [14] is denied.

SO ORDERED this the 9th day of December, 2009.

s/ Michael T. Parker  
United States Magistrate Judge

---

[2] Specifically, the report reflects that as of July 5, 2007, Plaintiff was located at "Wilkinson CCF, WCCF Building F, Pod R, Bed 210L," and that on March 4, 2008, Plaintiff was moved to "Wilkinson CCF, WCCF Building F, Pod R, Bed 210U." *See* [41-2].