IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

STANLEY JOSHUA MCNEIL                                                                    PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 5:08cv254-DCB-MTP

E. PERKINS and T. LINDSEY                                                              DEFENDANTS

REPORT AND RECOMMENDATION

THIS MATTER is before the court on Defendants' Motion for Summary Judgment [39]. Having reviewed the submissions of the parties, the entire record in this case and the applicable law, the undersigned recommends that the motion be granted and that Plaintiff's claims against Defendants be dismissed with prejudice.

Factual Background

Plaintiff Stanley Joshua McNeil, proceeding *pro se* and *in forma pauperis*, filed suit on August 4, 2008 pursuant to 42 U.S.C. § 1983. In his Complaint, and as clarified at an omnibus hearing held on October 1, 2009 pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985),[1] Plaintiff challenges a Rule Violation Report (RVR) and related disciplinary proceedings conducted while he was previously incarcerated at Wilkinson County Correctional Facility ("WCCF"),[2] having been convicted of a felony.

Specifically, on February 16, 2008, a "shakedown" was conducted by WCCF staff, including Defendant Erica Perkins, Unit Shift Supervisor. During the shakedown, Defendant

---

[1] *See Hurns v. Parker*, 1998 WL 870696, at * 1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

[2] Plaintiff is currently housed at Marshall County Correctional Facility in Holly Springs, Mississippi.

1

Perkins found a tampered radio speaker belonging to WCCF in Plaintiff's cell. *See* Exhs. 1 & 2 to Affidavit of Thelma Lindsey (Exh. A to Motion for Summary Judgment); testimony of Plaintiff at October 1, 2009 *Spears* hearing. In the subsequent investigation, Defendant Perkins told the investigator, S. Morris, that the speaker had been found underneath the bottom bunk in Plaintiff's cell, along with Plaintiff's identification card. *See* Exh. 2 to Lindsey Aff. Plaintiff told the investigator that he sleeps on the top bunk, while his cellmate Joe Byrd sleeps on the bottom bunk,[3] and that the speaker was not his. *See id.* Plaintiff was given an RVR dated February 16, 2008 for Unauthorized Possession, which was delivered to him on February 17, 2008. *See* Exh. 1 to Lindsey Aff.

A disciplinary hearing was then conducted by Defendant Thelma Lindsey, Disciplinary Officer at WCCF, on February 25, 2008. *See* Lindsey Aff. ¶ 5; Exh. 1 to Lindsey Aff. At the hearing, Plaintiff was allowed to make a statement and to present evidence, including witness testimony. *See id.* The only evidence presented by Plaintiff was the testimony of Mr. Byrd, who did not confess that the speaker was his, but stated only that the speaker was under his bunk. *See id.*

Based on Defendant Perkins' statement, the internal investigation, and the fact that inmates often store their possessions underneath the bottom bunk despite where they sleep, Defendant Lindsey found Plaintiff guilty of the offense. *See* Exh. 1 to Lindsey Aff.; Lindsey Aff. ¶¶ 5-6. As a result of the guilty finding, Plaintiff was ordered to pay restitution in the amount of

---

[3] Although Plaintiff had been assigned to the lower bunk in his cell since he had arrived at WCCF, he avers - and Defendants concede -that he had been sleeping on the top bunk since his arrival. Plaintiff's bunk assignment was changed on March 4, 2008, after this came to light. *See* Memorandum [40] in Support of Motion at 2; Affidavit of Stanley McNeil ([48-1] at 5); Exh. B to Motion.

2

$165.48.[4]  *See* Exhs. 1 & 3 to Lindsey Aff; Lindsey Aff. ¶ 7.

In the instant lawsuit, Plaintiff alleges that Defendant Perkins filed a false report against him and that Defendant Lindsey's finding of guilty was not based on a preponderance of the evidence presented at the disciplinary hearing.

<u>Summary Judgment Standard</u>

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988).  "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995).  If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985).  The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw

---

[4]  DHO Lindsey arrived at this amount after the Maintenance Department provided her with the cost to replace the damaged speaker.  *See* Lindsey Aff. ¶ 7.

inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## Analysis

As an initial matter, the court observes that its role is not to "'second-guess' the findings and determinations of prison disciplinary committees[,]" nor does the "Constitution ... demand 'error-free' decision making...." *Hoye v. Nelson*, 2007 WL 1321964, at * 1 (N.D. Miss. May 3, 2007) (quoting *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984)). Thus, "[i]f the disciplinary proceeding was otherwise fair and adequate, the opportunity that it afforded [Plaintiff] to clear himself of misdeeds which he did not commit sufficed." *Collins*, 743 F.2d at 254.

Due process in the context of prison discipline is not the same as due process in the criminal law context because "[p]rison discipline proceedings are not a part of a criminal prosecution, and the full panoply of rights due a criminal defendant does not apply." *Wolff v.*

4

*McDonnell*, 418 U.S. 539, 556 (1974). Thus, due process is satisfied in prison disciplinary hearings when the inmate receives a finding from an impartial decision maker, and also receives: 1) at least 24 hours advance written notice of the charges; 2) an opportunity to present documentary evidence and testimony from witnesses; 3) help from other inmates or staff, if needed (*e.g.*, if the inmate is illiterate or the charges are complex); and 4) a written statement of the evidence relied on and the reason for the disciplinary action. *Id.* at 564-70. The record in this case clearly reflects that Plaintiff received all of these protections.

Moreover, in order for a prison disciplinary decision to pass constitutional muster, there merely must be "some evidence" to show that the inmate committed the offense in question. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. Indeed, even if the evidence is "meager," as long as there is "some evidence" to support the findings of the disciplinary board, its decision must be upheld. *Id.* at 456.

In this case, there is clearly "some evidence" to support the findings Defendant Lindsey. Defendant Perkins found the radio at issue under the lower bunk in Plaintiff's cell, along with Plaintiff's identification card. Although Mr. Byrd attended the hearing, he did not confess that the speaker was his, stating only that it was found under his bunk.[5] *See* Lindsey Aff. ¶¶ 5-6; Exh.

---

[5] The speaker was attributed to Mr. Byrd on a Disciplinary Statement Form (*see* [39-1] at 4); however, Mr. Byrd did not admit ownership or possession of the speaker at the disciplinary hearing.

1 to Lindsey Aff.

Plaintiff argues that he could not have been found in possession of the tampered speaker because it was not physically found on his person. *See*, *e.g.*, Response [48] to Motion at 2-3. However, the law is clear that under the doctrine of constructive possession,[6] prisoners can be disciplined when contraband is found in their living area, even if the area is accessible to other inmates. *See*, *e..g.*, *Henderson v. Morris*, 2007 WL 4289978, at * 3 (E.D. Tex. Dec. 3, 2007) (holding that "constructive possession provides sufficient evidence of guilt when relatively few inmates have access to the area); *see also McClung v. Hollingsworth*, 2007 WL 1225946, at * 3 (4th Cir. Apr. 26, 2007) (upholding disciplinary conviction for weapon found in cell that was "exclusive domain" of inmate and his cellmate); *Santiago v. Nash*, 224 Fed. Appx. 175, 177 (3d Cir. Mar. 23, 2007) ("[T]he 'some evidence' standard may be satisfied by application of the constructive possession doctrine in limited circumstances where a small number of inmates are potentially guilty of the offense charged."); *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) ("The proposition that constructive possession provides 'some evidence' of guilt where only a few inmates have access is unproblematic"; upholding disciplinary conviction where there was a 25% probability that inmate was owner of the contraband); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (inmate properly disciplined when contraband found in locker even though other inmate confessed to placing it there); *Harms v. Godinez*, 829 F.Supp. 259, 263-64 (N.D. Ill. 1993) (due process not violated where there was a one-in-six chance of actual guilt

---

[6] "A person has constructive possession of a prohibited item if he knowingly has ownership, dominion, or control over the contraband or over the premises in which the contraband is located." *Fulcher v. Kastner*, 2008 WL 2625848, at * 3 (E.D. Tex. June 30, 2008) (citing *U.S. v. Fambro*, 526 F.3d 836, 2008 WL 1914318 (5th Cir. May 2, 2008)).

concerning stolen property found in work area containing inmate and five others); *Thompson v. Hawk*, 978 F.Supp. 1421, 1423 (D.Kan. 1997) (constructive possession rule, under which in inmate is responsible for anything found in his cell absent sufficient exculpatory evidence, satisfies "some evidence" standard). Thus, in the instant case, even if Plaintiff did not actually possess the contraband, constructive possession can support the DHO's finding of his guilt.

Finally, Plaintiff argues that pursuant to WCCF regulations, the DHO was not authorized to impose a penalty of restitution for the rule violation of which he was found guilty. *See*, *e.g.*, Response [48] to Motion at 12; [48-1] at 43. However, as noted *supra*, Petitioner received the procedural guarantees of *Wolff*, and there was "some evidence" to support the DHO's finding. Thus, this claim does not provide Plaintiff a basis for relief. *See*, *e.g.*, *Henderson v. Va.*, 2007 WL 2781722, at * 12 (W.D. Va. Sept. 21, 2007), *aff'd*, 272 Fed. Appx. 264 (4th Cir. Apr. 7, 2008) (rejecting Plaintiff's claim that restitution was not an authorized penalty where Plaintiff received procedural due process and disciplinary decision supported by some evidence); *see also Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) ("a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met.").

Accordingly, for all of the foregoing reasons, Plaintiff's claims against Defendants should be dismissed with prejudice.

RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Defendants' Motion for Summary Judgment [39] be granted and that Plaintiff's claims be dismissed with prejudice.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 19th day of February, 2010.

s/ Michael T. Parker
United States Magistrate Judge