IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

STANLEY JOSHUA McNEIL                                              PLAINTIFF

VS.                              CIVIL ACTION NO. 5:08-cv-254(DCB)(MTP)

E. PERKINS and T. LINDSEY                                         DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the defendants' motion for summary judgment **(docket entry 39)**, the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 50)**, and the plaintiff's Objections **(docket entry 52)** thereto.  Having carefully considered the motion, the report and recommendation, the objections, and the applicable law, the Court finds as follows:

The pro se plaintiff, Stanley Joshua McNeil, brings this civil rights action pursuant to 42 U.S.C. § 1983.  As clarified at an omnibus hearing held by Magistrate Judge Parker, the complaint challenges a Rule Violation Report ("RVR") and related disciplinary proceedings conducted while McNeil was incarcerated at Wilkinson County Correctional Facility ("WCCF"), Wilkinson County, Mississippi.[1]  Specifically, on February 16, 2008, a "shakedown" was conducted by WCCF staff including defendant Perkins, a Unit Shift Supervisor.  Perkins found a tampered radio speaker belonging to WCCF in McNeil's cell, and issued an RVR for unauthorized

---

[1] McNeil is currently incarcerated at Marshall County Correctional Facility in Holly Springs, Mississippi.

possession.  At a disciplinary hearing, McNeil was found guilty by defendant Lindsey of the offense and ordered to pay restitution. McNeil's complaint alleges that Perkins filed a false report against him and that Lindsey's finding of guilt was not based on a preponderance of the evidence.

Due process in the context of prison discipline is satisfied when the inmate receives a finding from an impartial decision maker, and also receives: (1) at least 24 hours advance written notice of the charges; (2) an opportunity to present documentary evidence and testimony from witnesses; (3) help from other inmates or staff, if needed (e.g., if the inmate is illiterate or the charges are complex); and (4) a written statement of the evidence relied on and the reason for the disciplinary action. Id. at 564-70.

The Report and Recommendation finds, based on the record in this case, that the plaintiff received all of these protections. In addition, the magistrate judge finds "some evidence to support the findings made in the disciplinary board" as required by Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985), and Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981).

In his objections, the plaintiff argues that the due process clause requires that he be found guilty beyond a reasonable doubt. However, "[a] hearings officer in a prison disciplinary proceeding

is not required to find the prisoner guilty beyond a reasonable doubt, or find that guilty was the only reasonable interpretation of the evidence." <u>Green v. Michigan Dept. Of Corrections</u>, 2009 WL 2033396, *2 (W.D. Mich. July 8, 2009).  The Court finds nothing in the plaintiff's objections that would demonstrate error in the Report and Recommendation.  Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation **(docket entry 50)** of Magistrate Judge Michael T. Parker is hereby adopted as the opinion of this Court;

FURTHER ORDERED that the plaintiff's Objections **(docket entry 52)** are DENIED;

FURTHER ORDERED that the defendants' Motion for Summary Judgment **(docket entry 39)** is GRANTED, and this action shall be dismissed with prejudice by a separate Final Judgment.

SO ORDERED, this the 28th day of September, 2010.

/s/ David Bramlette<br>UNITED STATES DISTRICT JUDGE